Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, Texas 77098
Phone: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| Nelson Alberto Iglesias | |
| *Plaintiff*, | |
| v. | Case No. 4:18-cv-3517 |
| Kirstjen Nielsen, Secretary of the Department of Homeland Security; Lee F. Cissna, Director of the U.S. Citizenship and Immigration Services; Mark T. Siegl, Houston Field Office Director of the U.S. Citizenship and Immigration Services | Date: October 1, 2018 |
| *Defendants*. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

This is a complaint for declaratory and injunctive relief. The Plaintiff, Nelson Alberto Iglesias, files the instant complaint against Defendants because the U.S. Citizenship and Immigration Services ("USCIS"), a federal agency within the Department of Homeland Security ("DHS"), acted arbitrarily, capriciously, and not in accordance with the law when it administratively closed Plaintiff's I-485, Application to Register Permanent Residence or Adjust Status ("Application"), instead of adjudicating it on the merits. *See* Exhibit 1—Notice of Administrative Closure.

Plaintiff seeks *de novo* review of the USCIS's action; seeks a declaratory judgement that the USCIS has jurisdiction to adjudicate his Application and that it acted arbitrarily, capriciously, and not in accordance with the law when it administratively closed said Application; and seeks injunctive relief to compel the USCIS to recalendar and adjudicate his Application on the merits.

Plaintiff files the instant action against the following Defendants: Kirstjen Nielsen, in her official capacity as the Secretary of the DHS; Lee F. Cissna, in his official capacity as the Director of the USCIS; and Mark Siegl, in his official capacity as the Houston Field Office Director of the USCIS.

## I. INTRODUCTION

1.   Plaintiff seeks an order declaring that the final agency decision by the USCIS

to administratively close Plaintiff's Application, on the grounds that it lacked jurisdiction, was arbitrary, capricious, and not in accordance with the law, because it is well settled, as per the USCIS's own Policy Memorandum, the Code of Federal Regulations ("C.F.R."), and decisions of the Board of Immigration Appeals ("BIA"), that the USCIS retains sole and exclusive jurisdiction to adjudicate applications for adjustment of status filed by an arriving alien such as Plaintiff. *See* Exhibit 2—USCIS Policy Memorandum; 8 C.F.R. §§ 245.2, 1245.2; *see also*, *Matter of Yauri*, 25 I&N Dec. 103, 106-07 (BIA 2009). Declaratory and injunctive relief is thereby the proper remedy.

2.  It should be noted that Plaintiff has exhausted his remedies in this case and is not required to do anything further. The USCIS decision explicitly states that there is no appeal from its decision to administratively close Plaintiff's Application. *See* Exhibit 1, *supra*. It is thus considered a "final" agency action subject to judicial review by this Court for which there can be no judicially-imposed exhaustion requirement. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also*, 5 U.S.C. § 704.

## II.  JURISDICTION AND VENUE

3.  This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*

4.  This Court may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

5.  This Court has jurisdiction over this matter for three reasons. First, because Plaintiff's action arises under the federal laws of the United States, jurisdiction is proper pursuant to 28 U.S.C. § 1331. Second, jurisdiction is proper pursuant to 5 U.S.C. §§ 701-706, because Plaintiff seeks review of an agency action. *See Texas v. United States*, 809 F.3d 134, 163 (5th Cir. 2015) (noting there "is a well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action."). Lastly, jurisdiction is proper because Plaintiff seeks equitable injunctive remedies, which are generally reviewable under federal question jurisdiction. *See Califano v. Sanders,* 430 U.S. 99, 105 (1977).

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because all relevant actions, including the submission and administrative closure of Plaintiff's Application, occurred in the USCIS's field office in Houston, Texas.

### III.  PARTIES

7.  Plaintiff, Nelson Alberto Iglesias, is a resident of Houston, Texas.

8.  Defendant, Kirstjen Nielsen, is the Secretary of the DHS. She is sued in her official capacity. She may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, D.C. 20528.

9.  Defendant, Lee F. Cissna, is the Director of the USCIS. He is sued in his official capacity. He may be served at 245 Murray Lane, SW, Mail Stop 0485, Washington, DC 20528.

10. Defendant, Mark Siegl, is the USCIS Houston Field Office Director. He is sued in his official capacity. He may be served at 810 Gears Road, Suite 100, Houston, Texas 77067.

## IV.  STATUTORY AND REGULATORY BACKGROUND

11. Pursuant to 8 U.S.C. § 1255(a), an alien may adjust his or her status to that of a lawful permanent resident ("LPR") provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien makes such an application for AOS; (3) the alien is eligible to receive an immigrant visa; (4) the alien is admissible to the U.S.; and (5) a visa is immediately available to him or her when the application is filed.

12. The USCIS has the jurisdiction to adjudicate an application for AOS under 8 U.S.C. 1255(a), unless the immigration judge ("IJ") has jurisdiction under 8 C.F.R. § 1245.2(a)(1). *See* 8 C.F.R. § 245.2(a)(1).

13. The IJ has exclusive jurisdiction to adjudication any application for AOS if

the alien is in removal or deportation proceedings (other than an arriving alien). *See* 8 C.F.R. § 1245.2(a)(1).

14. An arriving alien is one who is "an applicant for admission coming or attempting to come into the United States at a port-of-entry, or an alien seeking transit through the United States at a port-of-entry, or an alien interdicted in international or United States waters and brought into the United States by any means, whether or not to a designated port-of-entry, and regardless of the means of transport." *See* 8 C.F.R. § 1.2.

15. An arriving alien remains an arriving alien even if paroled pursuant to INA § 212(d)(5). *Id.*

16. The IJ can only have jurisdiction over AOS applications filed by arriving aliens if: (1) the alien properly filed the adjustment of status application with the USCIS while the alien was in the U.S.; (2) the alien departed and returned to the U.S. pursuant to a grant of advance parole; (3) the adjustment of status application was denied by the USCIS; and (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* the adjustment of status application was denied. *See* 8 C.F.R. § 1245.2(a)(1)(ii) (emphasis added). If all four of these requirements are not met, then the USCIS retains sole and exclusive jurisdiction over AOS

applications filed by an arriving alien. *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1).

17. If the USCIS issues an improper final decision on the AOS application, contrary to the above-mentioned statutes and regulations, there are no more administrative remedies available and applicant is left with no choice but to assert a violation under the APA, 5 U.S.C. §§ 701-706, which authorizes federal courts to review the Agency's decision and overturn it, if necessary.

18. The APA provides that the person who suffers a legal wrong due to an agency actions or is "adversely affected or aggrieved by an agency action," made reviewable by statute and for which there is no other adequate remedy, is entitled to judicial review. *See* 5 U.S.C. §§ 702, 704.

19. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act. *See* 5 U.S.C. § 551(13).

20. The reviewing court is authorized to hold unlawful and set aside agency action, findings, and conclusions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

## V.  FACTUAL BACKGROUND

21. Effective March 1, 2003, the DHS assumed responsibility for the functions of

the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." *See* 8 C.F.R. § 2.1.

22. The USCIS is a bureau within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS is responsible for accepting and adjudicating all I-485 applications for AOS, unless, as detailed above, jurisdiction lies with the IJ.

23. The USCIS Houston Field Office is an agency within the DHS and delegated supervisory authority over all operations by the Secretary of DHS. *Id.* The USCIS Houston Field Office is the official with jurisdiction over the administrative closure of Plaintiff's Application.

24. Plaintiff is a native and citizen of El Salvador. *See* Exhibit 3—Stamped Form I-512. He was ordered removed from the United States by an immigration judge ("IJ") on October 28, 1997. *See* Exhibit 1, *supra*.

25. However, Plaintiff was subsequently granted Temporary Protected Status ("TPS") pursuant to 8 U.S.C. § 1254a. *See* Exhibits 1 and 3, *supra*.

26. On March 13, 2016, Plaintiff was granted advance parole from the USCIS based on his TPS. *See* Exhibit 3, *supra*.

27. After this approval, Plaintiff traveled on his grant of advance parole, and on

August 17, 2016, he was paroled into the U.S. pursuant to said grant. *Id.*

28. Next, on July 10, 2017, Plaintiff filed his AOS application with the USCIS based on the I-130 family visa petition filed on his behalf by his U.S. citizen adult child. *See* Exhibit 4—Filing Receipt for I-485 AOS Application.

29. On June 7, 2018, the aforementioned I-130 family visa petition was approved. *See* Exhibit 5—Approved I-130 Petition.

30. However, on July 23, 2018, the USCIS administratively closed Plaintiff's AOS Application on the grounds that it lacked jurisdiction to adjudicate it. *See* Exhibit 1, *supra.* In its decision, the USCIS found that because Plaintiff was previously in removal proceedings before an IJ and because those proceedings were never terminated, Plaintiff returned to the status of an alien with an outstanding removal order, despite traveling and being paroled into the U.S. *Id.* Accordingly, the Service determined that Plaintiff was not an arriving alien and, as such, only the IJ had jurisdiction over his Application. *Id.*

31. Furthermore, the Service explicitly stated that there was no appeal from its decision to administratively close Plaintiff's Application. *Id.* As such, there are no other forums or means available to Plaintiff to seek a remedy for the administrative closure of his Application.

32. At this time, Plaintiff cannot file to reopen his proceedings with the IJ for

review of his AOS because he is an arriving alien and the IJ would lack

jurisdiction over his application.

33. Moreover, Plaintiff cannot file to reopen his proceedings pursuant to the IJ's

*sua sponte* authority because he departed the country. *See* 8 C.F.R. §

1003.23(b)(1) ("A motion to reopen or to reconsider shall not be made by or

on behalf of a person who is the subject of a removal, deportation, or exclusion

proceedings subsequent to his or her departure from the United States.").

34. Because Plaintiff has no legal basis for which to file a motion to reopen his

case, he is filing the present action seeking declaratory and injunctive relief

with this Court.

## VI. CLAIMS FOR RELIEF

35. Plaintiff incorporates by reference the allegations in paragraphs 1-34.

36. Plaintiff contends that under the APA, the USCIS's administrative closure of

his Application for AOS was "arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A).

37. The U.S. Supreme Court has held that an agency action is arbitrary and

capricious when "the agency…offers an explanation for its decision that runs

counter to the evidence before the agency or is so implausible that it could not

be ascribed to a difference in view or the product of agency expertise." *See*

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43

(1983).

38. The Supreme Court has further held that an agency abuses its discretion when it inexplicably departs from its own regulations or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

39. In this case, the USCIS certainly departed from its own regulations and policies because it offered a decision that runs completely contrary to the USCIS's own Policy Memorandum. *See* Exhibit 2, *supra*. This memorandum states, in no uncertain terms, that an alien who has been granted advance parole and enters the U.S. using that parole is an arriving alien, and as such, only the USCIS has jurisdiction over an AOS application filed by that alien. The USCIS's decision ignores this memorandum in its decision, and thus, it has issued a decision that was an irrational departure from USCIS policy.

40. Moreover, by finding that Plaintiff, who, despite travelling on advance parole, was not an arriving alien over which it could exercise jurisdiction, the Service offered a decision that was implausible and that ran counter to the evidence

before it because the Federal Regulations, the BIA and the aforementioned memorandum all clearly state that an arriving alien's AOS application is only to be adjudicated by the USCIS. Therefore, its decision was arbitrary, capricious and an abuse of discretion.

41. Furthermore, the USCIS administrative closure of Plaintiff's Application is not in accordance with the law.

42. As just noted, the Federal Regulations, the BIA, and the clearly state that the USCIS has jurisdiction to adjudicate an application for AOS filed by an arriving alien. *See* 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1); Exhibit 2, *supra*; *Matter of Yauri*, *supra*; *see also Matter of Silitonga*, 25 I&N Dec. 89 (BIA 2009).

43. In this case, Plaintiff is clearly an arriving alien because he traveled and then returned to the U.S. at a port-of-entry as an applicant for admission pursuant to his grant of parole. *See* Exhibits 1 and 3, *supra*.

44. Inexplicably, the USCIS contended that even though Plaintiff traveled and returned to the U.S. on an advance parole, he is not an arriving alien, but rather, he is one who returned to the status of being an alien with an outstanding order of deportation. *See* Exhibit 1, *supra*. This conclusion, however, is erroneous as a matter of law for several reasons.

45. First, USCIS erroneously cites to "Public Law 102-232-Dec. 12, 1991 –

Miscellaneous and Technical Immigration and Naturalization Amendments of 1991 (MTINA), Section § 304(c)(1)(A)," to support its position that Plaintiff is not an arriving alien.

46. One problem with this reasoning is that the MTINA amendments cited by the USCIS related only to the Title III of the Immigration Act of 1990 and were superseded by the current version of the U.S. immigration and nationality law, passed in 1996 and codified as 8 U.S.C. §§ 1101 *et seq*. Specifically, the 1991 amendments were amended in 1996 by Pub. L. 104-208, Div. C, Sec. 308(g)(1), 8(A)(ii) and (C). Yet, the USCIS gives no explanation for why the it used the 1991 version of the MATINA in denying Plaintiff's Application, which is especially troubling because Plaintiff's TPS was granted under the current version of the INA. Therefore, Plaintiff maintains that any reliance on MTNIA to deny his Application was erroneous as a matter of law.

47. Even assuming, *arguendo*, that the current version of MTINA would support USCIS's position—that Plaintiff returned to the status of being an alien with an outstanding deportation order—an alien with a final removal, exclusion or deportation order *is not* a status under any provisions of the INA.

48. Given that there simply is no such status as "an alien with a prior order of deportation," or "an alien in deportation proceedings," Plaintiff could not travel and be "inspected and admitted in the same immigration status" when

he had no status to begin with. Thus, any citation to the previous or current versions of the MATINA, to support the proposition that Plaintiff is not an arriving alien who can only adjust his status through the immigration court, is erroneous as a matter of law.

49. Secondly, the USCIS conclusion is legally erroneous because the Federal Regulations demonstrate that the clear intent of the Agency is to treat those aliens who travel on advance parole as "arriving aliens." *See Ibragimov v. Gonzales*, 476 F.3d 125, 132 (2d Cir. 2007) (stating that "[former] INS regulations manifest the agency's clear intent to treat parolees, including advance parolees, as "arriving aliens" subject to a determination of inadmissibility.").

50. Thirdly, the Service's assertion that Plaintiff is able to seek AOS before the IJ is completely contrary to the law because only the USCIS has jurisdiction to adjudicate his Application, and, as noted above, the "departure bar" regulations preclude Plaintiff from filing a motion to reopen.

51. As noted above, under 8 C.F.R. § 245.2(a)(1), the USCIS has jurisdiction to adjudicate an application for AOS filed by any alien, unless the IJ has jurisdiction under 8 C.F.R. § 1245.2(a)(1). *See* Exhibit 2, *supra*.

52. The IJ only has jurisdiction over an AOS Application if the alien: (1) properly filed the AOS application with the USCIS while the alien was in the U.S.; (2)

departed and returned to the U.S. pursuant to a grant of advance parole; (3) the AOS application was denied by the USCIS; *and* (4) the DHS placed the alien in removal proceedings *after* the alien's return to the U.S. on advance parole or *after* the AOS application was denied (emphasis added). *See* 8 C.F.R. § 1245.2(a)(1)(ii).

53. While Plaintiff meets the first three requirements for the IJ to have jurisdiction, he fails the fourth requirement because he was placed in removal proceedings *well before* he returned to the U.S. on advance parole and *before* he filed his AOS application. *See* Exhibits 1 and 3, *supra*.

54. Accordingly, the exception allowing the IJ to exercise jurisdiction over Plaintiff's Application is inapplicable, and by finding otherwise, the USCIS erred as a matter of law.

55. There is only one clear interpretation of the aforesaid Federal Regulations and that is that the USCIS retains proper jurisdiction over Plaintiff's AOS Application because he is an arriving alien who does not fall within the limited exception that would confer jurisdiction over said Application to the IJ. *See* 8 C.F.R. §§ 245.2(a)(1); 1245.2(a)(1).

56. Lastly, the USCIS's conclusion that because Plaintiff returned to the status of an alien in proceedings, he must seek reopening and termination of his proceedings with the immigration court, is also erroneous, because when

Plaintiff departed the U.S. on advance parole, he executed his removal order and brought finality to his deportation proceedings. *See* 8 U.S.C. § 1101(g) ("…any alien ordered deported or removed (whether before or after the enactment of this chapter) who has left the United States, shall be considered to have been deported or removed in pursuance of law"); *see also* 8 C.F.R. 1241.7 ("Any alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed.").

57. Not only does Plaintiff's departure effectuate and execute his removal order, it also deprives the IJ, or BIA, of jurisdiction to entertain any motion filed on his behalf. *See* 8 C.F.R. §§ 1003.23(b)(1), 1003.2(d).

58. In sum, the only avenue for Plaintiff to seek relief is through the USCIS, which, as stated above, has proper jurisdiction over Plaintiff's AOS application. By concluding otherwise, the USCIS acted arbitrarily, capriciously, not in accordance with the law and abused its discretion. Therefore, judicial review of its actions under the APA is warranted.

## VII.   EXHAUSTION

59. Plaintiff incorporates by reference the allegations in paragraphs 1-58.

60. As noted above, Plaintiff is not required to exhaust his administrative remedies with respect to the administrative closure of his AOS Application

16

because he is contesting a "final" agency action that is subject to judicial review under the APA.

61. The language of 5 U.S.C. § 704 states that an agency action is "final" without regard to whether an alien seeks reconsideration or appeal to a higher agency authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

62. In this case, just as in *Darby*, *supra*, there is no statute or regulation requiring that Plaintiff exhaust his remedies prior to seeking judicial review under the APA. In fact, the USCIS decision itself clearly states that there is no appeal from this decision. *See* Exhibit 1, *supra*. Thus, when the USCIS issued its decision to administratively close Plaintiff's application for AOS, it was a "final" agency action for purposes of the APA, despite the fact that Plaintiff did not appeal said decision. *See Darby*, 509 U.S. at 137. As such, there can be no judicially-imposed exhaustion requirement and judicial review is proper before this Court.

## VIII. CONCLUSION

63. For the aforementioned reasons, the decision to administratively close Plaintiff's Application was arbitrary, capricious, an abuse of discretion and not in accordance with the law. Judicial review through this Court is therefore warranted under the APA.

17

## IX.   PRAYER FOR RELIEF

64. Wherefore, Plaintiff respectfully requests that this Court:

    a.  accept jurisdiction and venue as proper;

    b.  issue a declaratory judgment that the administrative closure of Plaintiff's Application was arbitrary, capricious, an abuse of discretion and not in accordance with the law;

    c.  issue a declaratory judgment that the USCIS has jurisdiction to adjudicate Plaintiff's Application for AOS;

    d.  issue an injunctive order to compel the USCIS to recalendar and to adjudicate Plaintiff's Application;

    e.  grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    f.  grant Plaintiff all other relief as the Court may deem just and proper.


Respectfully submitted,

GONZALEZ OLIVIERI LLC


*/s/ Raed Gonzalez*
_____
Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 550
Houston, TX 77098
Phone: (713) 481-3040,
Fax:   (713)588-8683
rgonzalez@gonzalezolivierillc.com
*Counsel of Record for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

Nelson Alberto Iglesias

*Plaintiff*,

v.

Kirstjen Nielsen, Secretary of the Department of Homeland Security; Lee F. Cissna, Director of the U.S. Citizenship and Immigration Services; Mark T. Siegl, Houston Field Office Director of the U.S. Citizenship and Immigration Services

*Defendants*.

Case No. 4:18-cv-3517

Date: October 1, 2018

---

## INDEX OF EXHIBITS

Exhibit 1—Notice of Administrative Closure

Exhibit 2—USCIS Policy Memorandum

Exhibit 3—Stamped Form I-512

Exhibit 4— Filing Receipt for I-485 AOS Application

Exhibit 5—Approved I-130 Petition